UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No:   1:23-cv-45


STEVEN KENNETH SHAW,
                    Plaintiff

v.                                                                    **COMPLAINT**

DOUGLAS ARTHUR TABBUTT and
SWITCHCARS, INC.
                    Defendants.

---

        **NOW COMES** Plaintiff, Steven Kenneth Shaw (hereinafter known as Plaintiff or Plaintiff

Shaw), by and through the undersigned counsel, complaining of the Defendants, Switchcars, Inc

(hereinafter known as "Defendant Switchcars") and Douglas Arthur Tabbutt (hereinafter known

as "Defendant Tabbutt"), and alleges as follows:

1.        This action is brought against the Defendants pursuant to 28 U.S.C. 1332 (Diversity) where

the claims at issue exceed the sum of Seventy-five Thousand Dollars and No/100 ($75,000.00)

Dollars, exclusive of costs and interest and is between citizens of different States.

2.        At all times material hereto, the Plaintiff is a resident of Monroe County,

Tennessee, and he is over the age of eighteen, and otherwise <u>sui juris</u>.

3.        At all times material hereto, Defendant Switchcars is a corporation organized

and existing under the laws of the State of Ohio, with its principal place of business in

Twinsburg, Ohio.

4.        At all times material hereto, Defendant Tabbutt is a citizen and resident of the State

of Ohio.

1

5.     At all times material hereto, Defendant Tabbutt was the owner and operator of

Defendant Switchcars and upon information and belief Defendant Tabbutt was acting in

the course and scope of employment and/or agency of Defendant Switchcars and/or for or on

behalf of Defendant Switchcars.

6.     Defendant Switchcars is a sports car dealership, specializing in modern and vintage

European cars and upon information and belief sponsors Defendant Tabbutt and other drivers in

racing events such as the Cannonball Run, as well as other racing type events and trips and

advertises such events for the purpose of selling sports cars and other merchandise.

7.     At all times material hereto, Defendant Switchcars owned a 2010 Porsche which

was driven by Defendant Tabbutt on October 3, 2021 at the time of the motor vehicle crash

which is the subject of this action.

8.     On or about October 3, 2021, Defendant Tabbutt was driving the 2010 Porsche

owned by the Defendant Switchcars on NC Highway 143 South in Graham County,

North Carolina.

9.     On the date and at the place aforesaid, the Defendants' vehicle was traveling with

a companion vehicle southbound on NC Highway 143, in a manner as hereafter

described, when the vehicle driven by Defendant Tabbutt unlawfully left the roadway to

his right and violently crashed into the parked vehicle Plaintiff was lawfully standing

beside and in the process of entering on the front passenger side.


## COUNT 1- NEGLIGENCE

10.     Plaintiff, hereby adopts, re-alleges, and incorporates the allegations in paragraphs

one (1) through nine (9) above, as if fully set forth herein.

2

11.     At the time and place referenced herein, Defendant Tabbutt negligently, carelessly, recklessly and with conscious disregard of and indifference for the rights and safety of others, including Plaintiff, operated the above-described vehicle in at least the following ways:

      a.     Without due regard for others, including Plaintiff;

      b.     In an aggressive manner and at a high, dangerous, and excessive rate of speed for the conditions then existing;

      c.     Without sufficient control for conditions in the area he was travelling;

      d.     With disregard of the prevailing road conditions and traffic laws;

      e.     While exceeding a safe speed;

      f.     In a careless and reckless manner and in willful or wanton disregard of the rights or safety of others, including Plaintiff;

      g.     In an unsafe manner;

      h.     Failing to maintain his vehicle under proper control under the existing conditions;

      i.     Failing to maintain a proper lookout;

      j.     Failing to reduce speed to avoid a crash into another vehicle and a pedestrian;

      k.     Upon information and belief, while racing with another vehicle; and

      l.     Any other way that may be learned through the discovery process, litigation process and/or as proven at the trial of this matter.

12.     At all times material hereto, Defendant Tabbutt owed a duty to the Plaintiff, and to the general public to use due care in the operation of the above-described vehicle, however, Defendants breached the duty of care by the operation of the above-described vehicle carelessly, recklessly, negligently, needlessly and in conscious disregard of and

3

indifference for the rights and safety of others, including Plaintiff.

13. As a direct and proximate result of Defendants actions and/or omissions as set out hereinabove, the vehicle operated by Defendant Tabbutt violently crashed into the vehicle Plaintiff was lawfully standing beside and in the process of entering on the front passenger side causing significant damages to both vehicles and causing Plaintiff Shaw significant and severe personal injuries in excess of $75,000.00. This crash and personal injuries caused the Plaintiff to experience great pain and suffering, physical impairments, inconvenience, mental anguish, loss of capacity for enjoyment of life, medical and hospitalization treatment, and expenses therefor, including future medical expenses, and any other damages and injuries that may be proven at the trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will suffer said losses and impairment in the future.

## COUNT 2- NEGLIGENCE PER SE

14. Plaintiff hereby adopts, re-alleges, and incorporates the allegations in paragraphs one (1) through thirteen (13) above, as if fully set forth herein.

15. Defendants' actions as described herein constitute negligence per se in that these actions violated at least the following laws of the State of North Carolina:

      a. N.C.Gen.Stat. §20-140(a)and(b);

      b. N.C.Gen.Stat. §20-141;

      c. N.C.Gen.Stat. §20-141.6;

      d. N.C.Gen.Stat. §20-141.3; and

      e. Any other ways that may be shown at trial.

4

16.     As a direct and proximate result of Defendants actions and/or omissions as set out

hereinabove, the vehicle operated by Defendant Tabbutt violently crashed with the vehicle

Plaintiff was lawfully standing beside and in the process of entering on the front passenger side

causing significant damages to both vehicles and causing Plaintiff Shaw significant and severe

personal injuries in excess of $75,000.00.  This crash and personal injuries caused the Plaintiff to

experience great pain and suffering, physical impairments, inconvenience, mental anguish, loss

of capacity for enjoyment of life, medical and hospitalization treatment and expenses therefor,

including future medical expenses, and any other damages and injuries that may be proven at the

trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will

suffer said losses and impairment in the future.


## COUNT 3-PUNITIVE DAMAGES

17.     Plaintiff hereby adopts, re-alleges, and incorporates the allegations in paragraphs one (1)

through sixteen (16) above, as if fully set forth herein.

18.     Defendant Tabbutt's actions as alleged and described herein were wanton, needless, and

in conscious disregard of and with indifference to the rights and safety of others, including

Plaintiff Shaw.

19.     Defendant Tabbutt's actions as alleged and described herein, as owner and operator of

Defendant Switchcars, evidence Defendant Switchcar's participation in and its condoning of

Defendant Tabbutt's conduct constituting the aggravating factors giving rise to punitive

damages.

20.     Plaintiff Shaw is entitled to punitive damages from Defendants, jointly and severally,

pursuant to Chapter 1D of the North Carolina General Statutes.

**WHEREFORE**, Plaintiff, Steven Kenneth Shaw, prays for judgment against the Defendants, jointly and severally, as follows:

1.     Compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00);

2.     Punitive damages in accordance with Chapter 1D of the North Carolina General Statutes;

3.     Costs and expenses of this action;

4.     Attorney fees as are allowed by law; and

5.     Any other such relief as the Court deems just and equitable.

This the 21st day of February 2023.

s/Kimberly N. Carpenter

N.C. Bar No.: 23247
Attorney for Plaintiff
Carpenter & Guy, PLLC
559 West Main Street
Sylva, North Carolina 28779
Telephone: (828) 339-1010
Fax: (828) 339-1011
E-mail: kim@wnc.law

6